IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATHALIE GUZMAN GONZALEZ, *by and through her next friend*, YAREMI GONZÁLEZ REINOSO,

    Petitioner,

v.                                                                                      Civ. No. 26-85 SMD/KK

KRISTI NOEM, *Secretary, United States Department of Homeland Security*, MARY DE ANDA-YBARRA, *Field Office Director for Enforcement and Removal Operations, El Paso Field Office, United States Immigration and Customs Enforcement, and* DORA CASTRO, *Warden of Otero County Processing Center*,

    Respondents.

## ORDER GRANTING RELEASE PENDING RESOLUTION OF HABEAS PETITION UNDER THE COURT'S INHERENT AUTHORITY

THIS MATTER is before the Court on a Petition for Writ of Habeas Corpus (Doc. 1), filed January 16, 2026, challenging the legality of Nathalie Guzman Gonzalez's ("Petitioner") civil detention. On January 20, 2026, United States District Judge Sarah M. Davenport referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. § 636(b)(1)(B), (b)(3), and *Virginia Beach Federal Savings & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). (Doc. 4.) The Court held an evidentiary hearing on January 30, 2026, at which Petitioner and counsel for the Warden appeared via Zoom, and counsel for the Federal Respondents appeared in person. The Court has now reviewed the Federal Respondents' Notice Regarding Bond Hearing of December 18, 2025 (Doc. 19) and finds that it has jurisdiction to enter this interim Order. This Order *solely* resolves the question of whether Petitioner should be released on bail pending the full and final resolution of her habeas petition.

Petitioner is a citizen of Cuba who entered the United States in November of 2022 without inspection and was shortly thereafter arrested by the Department of Homeland Security ("DHS"). (Doc. 1 at 22-24.) The next day, Petitioner was released on her own recognizance (Doc. 1 at 18), and there is no evidence that she violated any of her release conditions during the three years she resided in the interior of the United States.

The Court finds that it has the inherent authority under 28 U.S.C. § 636 to order that Petitioner be released from custody as interim relief pending resolution of her habeas petition. "Despite the lack of specific statutory authority, it is within the inherent power of a federal district court to enlarge a state prisoner on bond, pending hearing and decision on a petition for habeas relief." *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981) (Section 2254 habeas case challenging extradition after convictions in the state requesting extradition were affirmed on direct appeal). "[A] showing of exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition." *Id.* The Tenth Circuit has applied the *Pfaff* exceptional-circumstances standard in a Section 2241 habeas proceeding. *See Stow v. Perrill*, No. 94-1282, 1994 WL 377629, at *1 (10th Cir. Jul. 20, 1994) (unpublished).

The Court further finds on the record before it and after hearing from the parties, that Petitioner has demonstrated a clear case on the merits of the habeas petition to warrant relief. The record shows that Petitioner is not a danger to the community or a risk of flight, and Respondents have not offered any evidence to the contrary.

IT IS THEREFORE ORDERED that:

1. Petitioner's request for bail and immediate release pending resolution of her habeas petition is GRANTED.

2. The Court RELEASES Petitioner on her own recognizance. As a condition of this interim release Order, Petitioner must also continue to comply with all other conditions of release previously imposed by the Department of Homeland Security on November 26, 2022, in File No. 246 003 470. (*See* Doc. 1 at 18.)

3. Respondents must release Petitioner from detention at the Otero County Processing Center during daytime hours and no later than 10:30 a.m. MT on February 5, 2026. Before releasing Petitioner, Respondents shall assist Petitioner in making arrangements to safely travel back to her home in Texas and shall provide her with all necessary documents sufficient to allow her to board and travel by commercial bus or domestic air (for example, an I203, I220A (Order of Release on Recognizance), or any similar document necessary for travel).

4. The Court GRANTS Petitioner permission to travel back to her previous state of residence, Texas.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE